UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY COLEMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TWILIGHT HAVEN, INC., et al.,<br><br>　　　　　Defendants. | Case No.　1:21-cv-01713-DAD-EPG<br><br>ORDER DENYING REQUEST FOR JUDICIAL NOTICE<br><br>(ECF No. 3) |

　　　　Defendant Twilight Haven, Inc. (Twilight) removed this action on December 3, 2021, from the Fresno County Superior Court. (ECF No. 1). Before the Court is Twilight's request for judicial notice of various documents that are attached as Exhibits A through KK in support of its notice of removal, which request was also filed on December 3, 2021. (ECF No. 3). No other party has filed any response to the request for judicial notice.

　　　　Under Federal Rule of Evidence 201(b), a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The decision to take judicial notice lies within a court's discretion. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

　　　　Upon review of Twilight's request, the Court declines to take judicial notice of the documents provided. First, Twilight fails to offer any developed argument or cite any legal authority explaining why it is necessary for the court to take judicial notice of each of the

documents attached, which include, among other things, an "April 1, 2020 COVID-19 Focused Infection Control Survey March 13, 2020." (ECF No. 3, p. 6 – referring to Exhibit JJ). Second, under Rule 201(b), "[a] court must also consider—and identify—which fact or facts it is noticing." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Here, Twilight points to no specific facts from the documents that it seeks to be judicially noticed; rather, it requests that the documents themselves be judicially notice. (ECF No. 3, p. 1 (requesting "that the Court take judicial notice of the [attached] documents")); *Khoja*, 899 F.3d at 999 ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."). Thus, because Twilight provides no basis to take judicial notice of the documents nor identifies the specific facts from each that should be judicially noticed, the Court will deny the request for judicial notice. *See Capaci v. Sports Rsch. Corp.*, 445 F. Supp. 3d 607, 617 (C.D. Cal. 2020) ("Because defendant does not identify which facts within the exhibits it asks the court to judicially notice nor does it explain why the court can judicially notice those facts, the court denies defendant's request for judicial notice.").

      Accordingly, IT IS ORDERED that Defendant Twilight Haven, Inc.'s request for judicial notice (ECF No. 3) is denied.

IT IS SO ORDERED.

Dated:  **January 3, 2022**                    /s/ Erica P. Grosjean
                                                      UNITED STATES MAGISTRATE JUDGE