UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>TWILIGHT HAVEN, INC., et al.,<br><br>Defendant. | No. 1:21-cv-01713-DAD-EPG<br><br>ORDER GRANTING JOINT STIPULATION TO REMAND AND REMANDING ACTION TO FRESNO COUNTY SUPERIOR COURT |

This matter was removed to this court from the Fresno County Superior Court on December 3, 2021 by defendant Twilight Haven, Inc. on the basis of federal officer jurisdiction and federal question jurisdiction pursuant to 28 U.S.C. § 1331 and the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d and 247d-6e (2006). (Doc. No. 1.) On January 18, 2022, plaintiff filed a motion to remand this action to the Fresno County Superior Court. (Doc. No. 14.) While that motion was pending before the court, the Ninth Circuit issued its decisions in *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679 (9th Cir. 2022) and *Martin v. Filart*, No. 20-56067, 2022 WL 576012 (9th Cir. Feb. 25, 2022), in which the Ninth Circuit affirmed the district courts' orders remanding those cases to state court due to a lack of federal subject matter jurisdiction and rejecting the defendants' arguments that jurisdiction existed based on "federal officer removal, complete preemption of state law, and the presence of an imbedded

1

federal question." *Martin*, 2022 WL 576012, at *1.  On June 2, 2022, this court issued a minute order directing the parties to meet and confer regarding the status of the case in light of the Ninth Circuit's recent decisions in *Saldana* and *Martin*.  On June 16, 2022, the parties filed a joint stipulation to remand this action to the Fresno County Superior Court.  (Doc. No. 25.)

Good cause appearing, the court therefore adopts the parties' stipulation and directs that this matter be remanded to the Fresno County Superior Court.  Accordingly, the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **June 17, 2022**

_____
UNITED STATES DISTRICT JUDGE

2